IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02060-BNB

TONEY LAMAR BROWN,

      Applicant,

v.

KEVIN MILYARD, Warden, S.C.F., and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2009

GREGORY C. LANGHAM
CLERK

---

### ORDER OF DISMISSAL

---

Applicant Toney Lamar Brown is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Brown has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Denver District Court case number 98CR3517. On November 6, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On January 20, 2009, Respondents filed their Pre-Answer Response. On April 13, 2009, Mr. Brown filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Brown liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d

at 1110. For the reasons stated below, the Court will dismiss the action as barred by

the one-year limitation period.

Mr. Brown was convicted of aggravated robbery and he was sentenced to forty-

eight years in prison as an habitual criminal. On August 12, 2003, Mr. Brown's direct

appeal was dismissed because he failed to file an opening brief. Mr. Brown did not

seek discretionary review in the Colorado Supreme Court on direct appeal. On October

3, 2003, the Colorado Court of Appeals issued its mandate dismissing the appeal. Mr.

Brown subsequently filed a motion for postconviction relief that was denied by the trial

court on July 1, 2005. On April 10, 2008, the Colorado Court of Appeals affirmed the

denial of the postconviction motion and on September 2, 2008, the Colorado Supreme

Court denied Mr. Brown's petition for writ of certiorari in the postconviction proceedings.

The Court received the instant action for filing on September 15, 2008. Mr. Brown

asserts seven claims for relief in the application challenging the validity of his

conviction.

Respondents argue that this action is barred by the one-year limitation period in

28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court. The limitation period shall
> run from the latest of–
>
> > (A) the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine the date on which Mr. Brown's conviction became final.  In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  As noted above, there was no decision by the state court of last resort in Mr. Brown's direct appeal because he did not seek certiorari review in the Colorado Supreme Court after the Colorado Court of Appeals dismissed his direct appeal.  Therefore, the Court's calculation of the date on which Mr. Brown's conviction became final does not include any time for seeking certiorari review in the United States Supreme Court.

Respondents assert that the judgment of conviction in Mr. Brown's criminal case became final on October 3, 2003, when the Colorado Court of Appeals issued its mandate dismissing his direct appeal. Mr. Brown counters that his conviction did not become final until October 17, 2003, when the Colorado Court of Appeals denied his motion to recall the mandate. Mr. Brown also alleges that he filed a motion to reconsider the August 12, 2003, order dismissing his direct appeal that was denied by the Colorado Court of Appeals on October 9, 2003, for lack of jurisdiction. The Colorado Court of Appeals denied Mr. Brown's motion to recall the mandate on October 17, 2003, with a simple reference to the October 9, 2003, order denying the motion to reconsider.

The Court finds that neither Mr. Brown's motion to reconsider nor his motion to recall the mandate extended the date on which the judgment of conviction became final because those motions were dismissed for lack of jurisdiction. Therefore, the Court agrees with Respondents that Mr. Brown's conviction became final on October 3, 2003, when the Colorado Court of Appeals issued its mandate dismissing the direct appeal. The Court also finds that the one-year limitation period began to run on October 3, 2003, because Mr. Brown does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims challenging his sentence before his conviction became final.

The next question the Court must answer is whether Mr. Brown's state court motion for postconviction relief tolled the one-year limitation period. Pursuant to 28

U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year

limitation period while the motion is pending.  An application for postconviction review is

properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are

in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*,

531 U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of
> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal

law.  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending"

includes "all of the time during which a state prisoner is attempting, through proper use

of state court procedures, to exhaust state court remedies with regard to a particular

post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.

1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a

post-conviction application, the limitations period is tolled during the period in which the

petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents assert that Mr. Brown's state court postconviction motion did not

toll the one-year limitation period because the postconviction motion was not filed until

November 8, 2004, after the one-year limitation period already had expired.  In support

of this assertion Respondents have provided a copy of the state court docket sheet for

Mr. Brown's criminal case that indicates Mr. Brown filed a postconviction motion in the

trial court on November 8, 2004. (*See* Pre-Answer Resp., App'x 5 at 17.)

Mr. Brown does not dispute the fact that the state court docket indicates his

postconviction motion was filed on November 8, 2004. However, he contends that he

actually filed the postconviction motion on October 2, 2004. In support of this

contention Mr. Brown has submitted an affidavit from Jeralean Brown dated March 13,

2009, in which Ms. Brown states that she received the postconviction motion from Mr.

Brown on October 2, 2004; that she made copies of the postconviction motion; and that

she hand-delivered the postconviction motion during business hours on October 2,

2004, to a person in Courtroom 16 of the Denver District Court who identified himself as

a court clerk and who stated that the documents would be forwarded to the judge for

consideration. (*See* Reply to Respondent's Pre-Answer Resp., App'x A.)

The Court need not decide exactly when Mr. Brown's postconviction motion was

filed because the Court finds that this action is time-barred even if the postconviction

motion was filed on October 2, 2004, as Mr. Brown contends. As discussed above, the

one-year limitation period began to run on October 3, 2003. Therefore, when Mr.

Brown allegedly filed the postconviction motion on October 2, 2004, only one day of the

one-year limitation period had not run. The postconviction motion then was pending,

and the one-year limitation period was tolled, until the Colorado Supreme Court denied

certiorari review on September 2, 2008. Although the Colorado Court of Appeals did

not issue its mandate until September 15, 2008, the one-year limitation period was

tolled pursuant to § 2244(d)(2) only until the Colorado Supreme Court denied certiorari

review. *See Barnett*, 167 F.3d at 1323 (finding that postconviction motion tolled the one-year limitation period from the day it was filed until the state supreme court denied certiorari review); *see also Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004) (refusing to extend tolling period for postconviction motion to the date the mandate issued). Therefore, the one-year limitation period began to run again on September 3, 2008, and expired that day. Because Mr. Brown did not submit his habeas corpus application to this Court until September 15, 2008, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Brown fails to allege any facts that might justify equitable tolling of the one-year limitation period. As a result, the Court finds that Mr. Brown fails to demonstrate that equitable tolling is appropriate in this action.

Finally, Mr. Brown asks the Court to allow him an opportunity "to present information of 'Actual Innocence' or other available exceptions to 28 USCA 22244 [sic]" (Reply to Respondent's Pre-Answer Resp. at 1) if the Court determines that this action is not timely.  This request will be denied because Mr. Brown already has been given an opportunity to raise his arguments regarding actual innocence or any other exceptions to the one-year limitation period.  In his November 6, 2008, order directing Respondents to file a Pre-Answer Response in this action, Magistrate Judge Boland advised Mr. Brown that he could file a reply and "provide any information that might be relevant to the one-year limitation period." (Order to File Pre-Answer Resp. at 2.)  Furthermore, Magistrate Judge Boland directed Mr. Brown to "include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently or whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court." (*Id.*)  Therefore, Mr. Brown's request to present additional information will be denied and the instant action will be dismissed as barred by the one-year limitation period.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __14__ day of _____May_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 08-cv-02060-BNB

Toney Lamar Brown
Prisoner No. 61215
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Matthew S. Holman
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**


     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _5/15/09_

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk